UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **AMBER HUBBARD** and **SIEADAH FARMER**, *Individually and on behalf of others similarly situated,* Plaintiffs, v. **SCHAEFER AUTOBODY CENTERS, INC.,** Defendant. | Case No. _____ **JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW Plaintiffs Amber Hubbard and Sieadah Farmer, individually and on behalf of all others similarly situated, and for their Complaint against Defendant Schaefer Autobody Centers, Inc. (hereinafter "Schaefer" or "Defendant"), state and allege as follows:

### Nature of Case

1. This is a class and collective action filed by Plaintiffs on behalf of themselves and other similarly situated Customer Service Representatives ("CSRs"). Plaintiffs bring a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, attorneys' fees, and other relief from Defendant for violations of the Fair Labor Standards Act ("FLSA"). In addition, Plaintiffs bring a class action to recover unpaid overtime wages, liquidated damages, attorneys' fees, and other relief from Defendant for violations of the Missouri Minimum Wage Law, R.S.Mo. § 290.500, *et seq*. ("MMWL").

2. Defendant employs CSRs, both in its call center in Fenton, Missouri, as well as in its individual store locations in the St. Louis, Missouri metropolitan area. During the relevant time periods preceding this action, Defendant suffered and/or permitted its CSRs to work more than

forty (40) hours per week and did not pay them one-and-one-half times their regular hourly rate for overtime hours.  By virtue of Defendant's policy or practice of unlawfully misclassifying CSRs as exempt from overtime pay, and suffering and/or permitting overtime hours by CSRs without providing them with overtime pay, Defendant's actions have violated the FLSA and MMWL.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over the FLSA claims of Plaintiffs and other similarly situated CSRs is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.  This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and/or 1367.

4. Missouri law authorizes court actions by private parties to recover damages for violation of the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq.* ("MMWL").  R.S.Mo. § 290.527.  Jurisdiction over Plaintiffs' state law claims is based on 28 U.S.C. §§ 1332(d)(2) and/or 1367 and R.S. Mo. § 290.527.

5. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendant does business in this district and has employed Plaintiffs and other similarly situated CSRs to work in this district, and because substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

6. Plaintiff Amber Hubbard resides in St. Louis, Missouri, and she previously worked for Defendant as a Customer Service Representative (CSR) from July 2014 to October 2017. Plaintiff Hubbard first worked in Defendant's call center in Fenton, Missouri, and she later worked in one of Defendant's store/shop locations.  A copy of Plaintiff Hubbard's Consent to Become a Party Plaintiff is attached hereto as Exhibit 1.

7. Plaintiff Sieadah Farmer resides in St. Louis, Missouri, and she previously worked for Defendant as a Customer Service Representative (CSR) from June 2014 to April 2017. Plaintiff Farmer first worked in Defendant's call center in Fenton, Missouri, and she later worked in one of Defendant's store/shop locations. A copy of Plaintiff Farmer's Consent to Become a Party Plaintiff is attached hereto as Exhibit 2.

8. Plaintiffs bring Count I of this lawsuit as a collective action under the FLSA on behalf of themselves and all other similarly situated Customer Service Representatives (CSRs)—including CSRs who have worked in Defendant's call center and CSRs who have worked in Defendant's store/shop locations—employed by Defendant in the last three (3) years.

9. Plaintiffs bring Counts II of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq*. and Fed. R. Civ. Proc. 23 on behalf of themselves and all other similarly situated Customer Service Representatives (CSRs)—including CSRs who have worked in Defendant's call center and CSRs who have worked in Defendant's store/shop locations—employed by Defendant in Missouri within the last two (2) years.

10. Defendant Schaefer Autobody Centers, Inc. is a Missouri corporation, with its principal place of business located at 300 Biltmore Drive, Fenton, Missouri 63026. Defendant is in the business of operating automobile repair shops and has multiple business locations in the St. Louis metropolitan area. According to its website, Defendant has business locations in O'Fallon, Illinois; Creve Coeur, Missouri; Crestwood, Missouri; Ellisville, Missouri; Fenton, Missouri; Hazelwood, Missouri; O'Fallon, Missouri; Webster Groves, Missouri; Maplewood, Missouri; Columbia, Missouri; and South County, Missouri.

**General Allegations**

11. Within the last three years, Plaintiffs and other similarly situated CSRs have worked overtime hours (i.e., more than 40 hours) in one or more workweeks. Defendant treats its CSRs

3

as "exempt" employees for purposes of entitlement to overtime pay under the FLSA and MMWL. However, Defendant's classification of CSRs as exempt from overtime pay is unlawful because the CSRs do not meet the requirements of any FLSA or MMWL overtime exemption.

12. Plaintiffs and similarly situated CSRs have consistently worked overtime hours (more than 40 hours per week) on a regular basis without receiving overtime pay in the amount of one-and-one-half times the regular rate of pay.

13. At certain times relevant to this proceeding, the hours worked by Plaintiffs and similarly situated CSRs were not recorded by Defendant. At other times, the hours worked by Plaintiffs and similarly situated CSRs were recorded by Defendant, but Defendant still did not pay CSRs overtime pay in the amount of one-and-one-half times their regular rate of pay.

14. By failing to record, report, and/or preserve accurate records of hours worked by Plaintiffs' and other similarly situated CSRs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their employee wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

15. As a result of being unlawfully misclassified as "exempt" employees, Plaintiffs and other similarly situated employees were denied overtime pay unlawfully, in violation of the FLSA and MMWL.

16. Defendant's management knew or should have known that the above-referenced practices resulted in a substantial amount of uncompensated work time by Plaintiffs and other similarly situated CSRs.

17. The deliberate failure of Defendant to pay Plaintiffs and similarly situated CSRs their earned overtime compensation violates the FLSA and the MMWL.

18. The net effect of the policies and/or practices maintained and administered by Defendant, instituted and approved by Defendant's managers, is that Defendant willfully failed to pay owed wages and willfully failed to keep accurate time records to save payroll costs. Defendant thus enjoyed ill-gained profits at the expense of its CSRs.

19. Defendant's conduct amounts to a willful violation of the FLSA.

### Collective/Class Allegations

20. Plaintiffs bring this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

21. Plaintiffs, individually and on behalf of other similarly situated CSRs employed by Defendant within the last three years, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record, and pay for, all overtime hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

22. Plaintiffs bring Count II as a class action pursuant to Fed.R.Civ.P. 23, on behalf of themselves and as the Class Representatives of the following persons (the "Class"):

> All current and former Customer Service Representatives (CSRs)—including CSRs who have worked in Defendant's call center and CSRs who have worked in Defendant's store/shop locations—employed by Defendant in Missouri within two (2) years preceding the date of filing this action.

23. The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated hourly-paid CSRs who do not opt-out of the class.

24. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

25. The class satisfies the numerosity standards. The Class consists of at least dozens of persons who are believed to be geographically dispersed. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail and/or other methods.

26. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

(i) Whether Defendant failed to pay Class members wages and overtime required under R.S. Mo. § 290.500 *et seq.*;

(ii) Whether Defendant failed to fully and accurately record the hours worked each day and each workweek by Class members as required under R.S. Mo. § 290.520; and

(iii) Whether Defendant improperly and unlawfully classified Class members as exempt employees under the MMWL.

27. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

28. Plaintiffs' claims are typical of those of the Class in that Class members who have been employed in the same or sufficiently similar CSR positions as Plaintiffs were subject to the same unlawful practices.

29. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for

Defendant and/or substantially impairing or impeding the ability of Class members to protect their interests.

30. Plaintiffs are adequate representatives of the Class because they are members of the Class and their interests do not conflict with the interests of the members of the Class they seek to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

31. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**Count I:  Violation of the Fair Labor Standards Act of 1938**

32. Plaintiffs reassert and re-allege the allegations set forth above.

33. At all times material herein, Plaintiffs and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

34. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

35. At all times relevant to this action, Defendant has had annual gross operating revenues in excess of Five Hundred Thousand Dollars ($500,000).

36. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and/or its CSRs are engaged in interstate commerce.

37. Defendant violated the FLSA by failing to pay for overtime.

38. Plaintiffs and all similarly situated CSRs are victims of a uniform compensation policy and/or practice whereby Defendant unlawfully misclassified CSRs as exempt from overtime and failed to pay said employees one-and-one-half times the regular rate of pay for overtime hours.

39. Plaintiffs and all similarly situated CSRs are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for whether its conduct was prohibited by the FLSA.

40. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

41. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees.  Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray for:  (1) unpaid overtime wages;

(2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendant has violated the FLSA; and (6) such other relief as the Court deems fair and equitable.

### Count II:  Violation of The Missouri Minimum Wage Law

42. Plaintiffs reassert and re-allege the allegations set forth above.

43. At all relevant times herein, Plaintiffs and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo.§ 290.500 *et seq*.

44. The MMWL regulates, among other things, the payment of overtime wages by employers.

45. During all times relevant to this action, Defendant was the "employer" of Plaintiffs and the Class within the meaning of the MMWL.

46. During all times relevant to this action, Plaintiffs and the Class were Defendant's "employees" within the meaning of the MMWL.

47. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek.

48. Defendant, pursuant to its policy and practice, violated the MMWL by refusing and failing to pay Plaintiffs and other similarly situated employees overtime wages required under the MMWL.

49. Plaintiffs and the Class are victims of a uniform and employer-based compensation policy or practice.  This uniform policy/practice, in violation of the MMWL, has been applied, and continues to be applied, to members of the Class.

50. Plaintiffs and all similarly situated employees are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods

of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

51. Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

52. Defendant is liable pursuant to R.S. Mo § 290.527 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray for:  (1) unpaid overtime wages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendant has violated the MMWL with respect to Plaintiffs and the Class; and (6) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**RIGGAN LAW FIRM LLC**

/s/  Russell C. Riggan
Russell C. Riggan  (MO #53060)
Samuel W. Moore  (MO #58526
132 W. Washington Ave., Ste. 100
Kirkwood MO  63122
314-835-9100
314-735-1054 fax
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

*Attorneys for Plaintiffs and
all others similarly situated*