UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMBER HUBBARD and SIEADAH FARMER, *Individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>SCHAEFER AUTOBODY CENTERS, INC.,<br><br>Defendant. | Case No. 4:18-CV-00232-JAR |

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

COME NOW Plaintiffs Amber Hubbard and Sieadah Farmer (hereinafter "Plaintiffs"), through their attorneys ("Counsel"), and Defendant, through its attorneys, and for their Joint Motion for Final Approval of Settlement, state as follows:

1. Plaintiffs filed this lawsuit alleging that they and others similarly situated were employed by Defendant as Customer Service Representatives performed and worked overtime without receiving proper overtime pay pursuant to the Fair Labor Standards Act ("FLSA") (Count I of the Complaint) and the Missouri Minimum Wage Law ("MMWL") (Count II of the Complaint). ECF Doc. No. 1.  Following the Court's granting of the parties Joint Motion for Conditional Certification of Plaintiffs' FLSA collective action, four additional opt-in Plaintiffs filed consent forms and joined this litigation. ECF Doc. Nos. 24-27.

2. Defendant denies liability under Plaintiffs' claims as asserted in the lawsuit.

3. Through their participation in mediation and negotiations through counsel thereafter, Plaintiffs and Defendant have resolved their differences by negotiating a settlement that embodies a reasonable compromise that is fair and in the best interest of the Plaintiffs and

1

Defendant.  The Settlement Agreement, a copy of which is attached hereto as **Exhibit A**, is the result of arm's length bargaining through counsel that occurred at and after mediation, following litigation that involved written discovery, review and analysis of a substantial amount of documents, detailed damage computations, and preparation for and participation in mediation. The parties' Settlement Agreement reflects a desire by both Plaintiffs and Defendant to fully and finally settle the claims and issues of law and fact in the lawsuit in an expeditious manner and to avoid protracted and expensive litigation.  The attached Settlement Agreement, signed by Plaintiffs and Defendant, sets out the details and terms of the settlement.  The terms of the settlement were based in part on damage calculations computed by Counsel after a review and analysis of pay and time records obtained from Defendant in written discovery.

4. This case involves a bona fide dispute, and the parties believe their settlement is fair and reasonable and meets the requirements of the FLSA, 29 U.S.C. §201 *et seq.*  In support of said conclusion, the parties state:

    a. The parties had significant disagreements/disputes over both liability and damages issues in the case;

    b. The parties disagreed as to whether Defendant properly treated its CSRs as exempt from the overtime provisions of the FLSA and MMWL;

    c. The parties disagreed as to whether, and the extent to which, Plaintiffs and other similarly situated CSRs worked overtime hours during the recovery period;

    d. The parties disagreed as to the nature and extent of the monetary damages, in the event Plaintiffs could prove Defendants were liable for damages;

e. The parties disagreed as to whether Defendant was liable for liquidated damages under the FLSA;

f. The parties also disputed whether a third year of unpaid wages was recoverable on the FLSA claim, given the requirement that Plaintiffs prove Defendant willfully violated the FLSA;

g. The parties disagreed as to whether the FLSA collective action could be maintained in this case, and whether Rule 23 class certification could be obtained in this case. Specifically, the parties disagreed as to whether Defendant maintained a uniform unlawful policy or practice applicable to the putative class, and also disagreed as to whether Plaintiffs were appropriate class representatives;

h. Based on the foregoing, the parties believe that had the case not settled, the litigation going forward would have been extremely complex, time consuming and expensive, and would have had the potential to result in a lower damages recovery by the Plaintiffs than is being provided in the settlement; further, Plaintiffs would have had to maintain class certification throughout the litigation, which Defendant planned to vigorously contest;

i. Defendant represents that its financial condition is such that its will be able to make the settlement payments called for by the Settlement Agreement, and within the time period contemplated by the Settlement Agreement; and

3

    j.  The parties believe the above information demonstrates the settlement is fair, reasonable, and adequate, based upon: (i) the merits of Plaintiffs' case, weighed against the terms of the settlement; (ii) Defendant's financial condition; and (iii) the complexity and expense of further litigation.  The Parties state the outcome of this litigation—if the litigation had continued instead of a settlement being reached—would be far from certain.

  5. Counsel has incurred attorneys' fees and costs/expenses in connection with prosecuting this lawsuit.  This case required significant time on the part of Counsel to perform numerous tasks required to obtain the settlement reached by the parties, including but not necessarily limited to:  investigating and researching the claims before filing suit; preparing suit papers; further investigating and analyzing the claims of Plaintiffs; drafting conditional certification pleadings; administering the FLSA conditional certification process; engaging in substantial written discovery; reviewing and analyzing voluminous documentation produced by Defendant (including but not limited pay and time records for Defendant's CSRs); researching issues relating to liability and damages; conducting detailed calculations to compute the amount of claimed damages; preparing for and participating in court-ordered mediation, negotiating the terms of settlement with Defendant's counsel; and preparing papers to finalize the settlement and petition the Court for approval of the settlement.  The amount of attorneys' fees and costs set forth in the Settlement Agreement are based on a discounted version of the actual lodestar fees/costs.

  6. The parties are of the opinion that the Settlement Agreement is fair, reasonable, adequate, and is in the best interests of Plaintiffs and Defendant, in light of all known facts and

circumstances, including the significant risks and delays of litigation presented by Defendant's defenses and potential appellate issues that might be asserted. Counsel have fully advised Plaintiffs of the Settlement Agreement, and Plaintiffs approve of and consent to the settlement.

7. Defendant, in turn, has denied and continue to deny the claims and conduct asserted in the action. Defendant has asserted and continue to assert defenses to this action and has expressly denied and continue to deny any wrongdoing or legal liability arising out of the action. Neither the Settlement Agreement nor any action taken to carry out the Settlement Agreement is or may be construed as an admission, concession, or indication that Defendant or anyone else committed any wrongdoing whatsoever.

8. The parties now desire to fully, finally, and forever settle, compromise, and discharge the claims asserted in the lawsuit.

9. Attached hereto as **Exhibit B** is a Proposed Order granting final approval of the Settlement Agreement.

WHEREFORE, Plaintiffs and Defendants pray this Court for an Order granting final approval of the Settlement Agreement, directing the parties to act in accord with the Settlement Agreement (including the issuance of all payments contemplated therein), approving Counsels' attorneys' fees/costs, and for such other and further relief as this Court deems just and proper.

.

Respectfully submitted,

| *Attorney for Plaintiff* | *Attorney for Defendant* |
|---|---|
| RIGGAN LAW FIRM, LLC | LITCHFIELD CAVO, LLP |
| /s/ Russell C. Riggan | /s/ Kevin P. Clark (w/ consent) |
| Russell C. Riggan, #53060 MO | Kevin P. Clark, #53811 |
| Samuel W. Moore, #58526 MO | 222 South Central Ave., Suite 200 |
| 132 W Washington Ave, Ste 100 | Clayton, MO  63105 |
| Kirkwood, MO  63122 | Phone:  (314) 725-1227 |
| Phone:  (314) 835-9100 | Fax:  (314) 725-3006 |
| Fax:  (314) 735-1054 | clark@litchfieldcavo.com |
| russ@rigganlawfirm.com | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on opposing counsel of record via the Court's electronic case filing system on the date reflected in the electronic case filing records.

_____/s/ Russell C. Riggan_____