## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| AMBER HUBBARD and )<br>SIEADAH FARMER, individually and on )<br>behalf of others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SCHAEFER AUTOBODY CENTERS, INC., )<br>)<br>Defendant. )<br>) | Case No. 4:18-CV-00232 JAR |

## JUDGMENT AND ORDER OF FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

This matter came before the Court on December 12, 2018 for a final approval hearing. The parties appeared by counsel. Having considered all matters submitted to it at the hearing and otherwise,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Plaintiffs filed this lawsuit alleging that they and others similarly situated were employed by Defendant as Customer Service Representatives ("CSRs") and performed and worked overtime without receiving proper overtime pay pursuant to the Fair Labor Standards Act ("FLSA") (Count I of the Complaint) and the Missouri Minimum Wage Law ("MMWL") (Count II of the Complaint). (Doc. No. 1)

2. Defendant has asserted and continues to assert defenses to this action and has expressly denied and continues to deny any wrongdoing or legal liability arising out of the action.

3. On July 6, 2018, the Court conditionally certified a class consisting of all persons who were employed by Defendant as a Customer Service Representative at any time between

1

February 9, 2015 and the present, including both CSRs at Defendant's individual store locations and CSRs at its call center in Fenton, Missouri. (Doc. No. 18)

4.  Thereafter, four additional opt-in Plaintiffs filed consent forms and joined this litigation. (Doc. Nos. 24-27)

5.  The Court has jurisdiction over the subject matter of the litigation and the parties to this lawsuit.

6.  The Court finds that, for purposes of approving and effectuating the terms of the settlement as set forth in the parties' Settlement Agreement previously submitted to this Court, this litigation involves a bona fide wage and hour dispute and the settlement is fair and reasonable under the circumstances, to-wit:

   a. The parties had significant disagreements/disputes over both liability and damages issues in the case;

   b. The parties disagreed as to whether Defendant properly treated its CSRs as exempt from the overtime provisions of the FLSA and MMWL;

   c. The parties disagreed as to whether, and the extent to which, Plaintiffs and other similarly situated CSRs worked overtime hours during the recovery period;

   d. The parties disagreed as to the nature and extent of the monetary damages, in the event Plaintiffs could prove Defendants were liable for damages;

   e. The parties disagreed as to whether Defendant was liable for liquidated damages under the FLSA;

   f. The parties also disputed whether a third year of unpaid wages was recoverable on the FLSA claim, given the requirement that Plaintiffs prove Defendant willfully violated the FLSA;

    g. The parties disagreed as to whether the FLSA collective action could be maintained in this case, and whether Rule 23 class certification could be obtained in this case. Specifically, the parties disagreed as to whether Defendant maintained a uniform unlawful policy or practice applicable to the putative class, and also disagreed as to whether Plaintiffs were appropriate class representatives;

    h. Had the case not settled, the parties believed the case would have been extremely complex, time consuming and expensive, with the potential to result in a lower damages recovery by Plaintiffs than is being provided in the settlement; further, Plaintiffs would have had to maintain class certification throughout the litigation, which Defendant planned to vigorously contest;

    i. Defendant represents that its financial condition is such that it will be able to make the settlement payments called for by the Settlement Agreement, and within the time period contemplated by the Settlement Agreement.

7. The Court finds, after a hearing and upon all submissions of the parties, that the settlement proposed by the parties is fair, reasonable and adequate. The terms and provisions of the Settlement Agreement are the product of arm's length negotiations and will result in substantial savings of time, money, and effort to the Court and the parties, and will further the interests of justice. The Court hereby finally approves the settlement and directs the parties to act in accordance with the terms set forth in the Settlement Agreement, including the issuance of all payments contemplated therein.

8. The settlement also contains an award of attorneys' fees to class counsel that the Court approves as fair and reasonable under the circumstances.

9. Pursuant to the terms of the Settlement Agreement, this matter is hereby **DISMISSED** as follows:

   a. As to Plaintiffs Amber Hubbard and Sieadah Farmer, and opt-in Plaintiffs Christy Shannon, Tatia Seidelmann, Elizabeth Campbell, and Brittany Gower, the claims and causes of action set forth in the Complaint are hereby **DISMISSED with prejudice.**

   b. As to other potential putative class members contemplated in the Complaint, the claims and causes of action set forth in the Complaint are hereby **DISMISSED without prejudice.**

Dated this 12th day of December, 2018.

*John A. Ross*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**